ZALMAN BYVESKY, RESPONDENT, v. AARON AGINS, APPELLANT.

Argued March 13, 1924—Decided July 23, 1924.

The assumption of partnership liability by one of the partners in an agreement dissolving the partnership is a promise made for the benefit of a partnership creditor, of which the creditor may, if he so desires, take advantage, whether he consented or became a party to the agreement of dissolution or not.

On appeal from the First District Court of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Jerome Alper* (*Herman B. J. Weckstein,* of counsel).

For the respondent, *Harry Castelbaum.*

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal by the defendant below from a judgment of the First District Court of the city of Newark. On March 1st, 1923, the Superior Stamp and Dye Works, a partnership, composed of A. Agins and J. Byeff, gave a promissory note to Z. Byvesky, the plaintiff below, for $100. On June 2d, 1923, Agins entered into an agreement with Byeff dissolving the partnership. In the agreement Agins covenanted that he would save Byeff harmless from the debts incurred by the partnership. In a suit upon the note against Agins, as the sole defendant, a judgment was entered against him for the full amount of the note. This judgment was afterwards vacated by the court upon the ground that the obligation sued on was joint, and Agins alone could not be sued upon the note. The case was again considered by the court, and, after proof of the agreement of June 2d, and proof of the note, and of the plaintiff's

ownership thereof, judgment was given by the court against Agins for the full amount of the note. From this judg-ment Agins has appealed. The grounds of appeal are that his defense was overruled and the agreement of June 2d, 1923, admitted in evidence.

The record in this case shows that the appellant has failed to comply with rule 145 of the Supreme Court, which pro-vides that a specification of the determinations or directions of the District Court shall be filed at least ten days before the opening day of the next term of the Supreme Court fol-lowing the taking of the appeal. The judgment was rendered on October 19th, 1923. The appeal was taken on October 27th, 1923. The Supreme Court opened on November 7th. The specification of the determinations or directions of the District Court were not filed until January 2d, 1924. The court may dismiss on appeal on this ground.

There is also a second ground upon which the appeal could be dismissed. The state of the case does not include a copy of the judgment record. This ground for the dismissal of an appeal is upheld in the case of *Galvin* v. *Ostrander Fire Brick Co.*, 84 *N. J. L.* 530.

We have concluded, however, to decide the appeal upon its merits. The agreement of June 2d, 1923, between Agins and Byeff was an agreement of which the plaintiff could take advantage if he so desired. While Agins and Byeff could make no agreement between themselves which would alter the plaintiff's rights to recover against both partners upon the note, yet if the plaintiff desired to take advantage of the covenant made by Agins in his agreement with Byeff to become responsible for the partnership obligations he was at liberty to do so. The rule is well stated in the note to the case of *Dean & Co.* v. *Collins.* 9 *L. R. A.* (*N. S.*) 49, in the following words: "The courts of a majority of the American states look upon an assumption of partnership liability as a promise made for the benefit of the partnership creditor, and of which he is at liberty to take advantage, whether he con-sents or becomes a party to the contract or not.'

"Within this view, where a partner purchases from his co-partner the assets of the firm, and agrees with him to pay off and discharge all the firm liabilities, the contract is binding upon the purchaser, making the debt his own; and, as between the two, the partner becomes the sole individual debtor; and, as between the creditors, the creditors have the legal right, if they deem it for their best interest, to treat the purchaser as individually liable to them on his promise to his retiring co-partners for their benefit."

This view has received countenance in this state in the case of *Rue* v. *Meirs,* 43 *N. J. Eq.* 377.

The District Court, in our opinion, decided the case properly in admitting the agreement and entering judgment against the appellant.

The judgment below is affirmed, with costs.